UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

                    Petitioner,

        v.

DANIEL WHITE,

                    Respondent.

Case No. 2:21-1421-JLR-TLF

ORDER DENYING APPOINTMENT
OF COUNSEL AND GRANTING
EXTENSION OF TIME

This matter is before the Court on petitioner's motion for appointment of counsel (Dkt. 18) and petitioner's motion for extension of time to respond to respondent's response to petition for writ of habeas corpus (Dkt. 19). For the reasons set forth herein, the Court DENIES plaintiff's motion for appointment of counsel (Dkt. 18) and GRANTS petitioner's motion for extension of time (Dkt. 19).

Petitioner requests appointment of counsel because he has been transferred to a different correctional facility and does not currently have access to a law library. Dkt. 18. Petitioner states that the nearest available law library is in a facility that was recently placed into a quarantine due to a COVID-19 outbreak. Dkt. 18. Additionally, petitioner requests an extension of time of 60-90 days to file a reply brief in this action. Dkt. 19.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). Appointment of counsel is mandatory only if the district court

1 | determines that an evidentiary hearing is required. *See Id.*, 852 F.2d at 429; *Brown v.*

2 | *Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases,

3 | Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains

4 | discretionary. *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir. 1986).

5 | The Court may request an attorney to represent indigent civil litigants under 28

6 | U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman*

7 | *v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of

8 | exceptional circumstances requires an evaluation of both the likelihood of success on

9 | the merits and the ability of the petitioner to articulate his claims pro se in light of the

10 | complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331

11 | (9th Cir. 1986). These factors must be viewed together before reaching a decision on a

12 | request for counsel under § 1915(e)(1). *Id.*

13 | The Court has not determined whether an evidentiary hearing is required in this

14 | action. Therefore, appointment of counsel is discretionary, and counsel may only be

15 | appointed under exceptional circumstances.

16 | This matter does not present exceptional circumstances supporting appointment

17 | of counsel. Petitioner has effectively articulated his grounds for relief in the petition, as

18 | well as his requests in the pending motions. There is no indication that petitioner is

19 | unable to present his claims in this action. Any challenges posed by petitioner's current

20 | difficulties in accessing law library resources can be addressed by petitioner's motion

21 | for extension of time. Respondent has not opposed petitioner's motion for extension of

22 | time.

23

24

25

ORDER DENYING APPOINTMENT OF COUNSEL AND
GRANTING EXTENSION OF TIME - 2

1    Based on the foregoing, petitioner has not shown that appointment of counsel is

2  warranted. The Court Orders as follows:

3        (1) Petitioner's motion for appointment of counsel is DENIED without prejudice.

4            Petitioner may bring another motion, if at a later time, petitioner demonstrates

5            exceptional circumstances that would warrant appointment of counsel.

6        (2) Petitioner is GRANTED an extension of time to file a reply brief until April 29,

7            2022.

8        (3) The Clerk is directed to re-note the Response to Petition for Writ of Habeas

9            Corpus (Dkt. 16) for April 29, 2022.

10      Dated this 25th day of January, 2022.

11

12

13                                      _Theresa L. Fricke_

14                                      Theresa L. Fricke
                                        United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

ORDER DENYING APPOINTMENT OF COUNSEL AND
GRANTING EXTENSION OF TIME - 3