# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| OSSIE LEE SLAUGHTER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DANIEL WHITE,<br><br>　　　　　Respondent. | Case No. 2:21-1421-JLR-TLF<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter comes before the Court on petitioner's motion for reconsideration. Dkt. 23. For the reasons set forth herein, petitioner's motion for reconsideration is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed a motion requesting appointment of counsel. Dkt. 18. Petitioner's motion requested appointment of counsel because he had been transferred to a different correctional facility and did not have access to a law library. Dkt. 18. Petitioner stated that the nearest available law library was in a facility that was under a quarantine due to a COVID 19 outbreak. Dkt. 18. The Court denied petitioner's motion for appointment of counsel without prejudice and granted petitioner an extension of time to file a reply brief. Dkt. 20.

Petitioner has filed a motion for reconsideration of the Court's Order Denying Appointment of Counsel. Dkt. 23. Petitioner's motion argues that he is still being denied

ORDER ON MOTION FOR RECONSIDERATION - 1

adequate access to the law library because the law library in his housing assignment has limited hours. Dkt. 23. Petitioner states that due to the limited hours he is only able to research a limited number of cases. Dkt. 23. Petitioner's motion for reconsideration also argues – for the first time – that the Court should hold an evidentiary hearing and appoint counsel for the evidentiary hearing. Dkt. 23.

## DISCUSSION

Motions for reconsideration are generally disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).

The Court declines to consider petitioner's request that the Court order an evidentiary hearing and appoint counsel for the evidentiary hearing. Petitioner argues that the Court should hold an evidentiary hearing to determine whether -- based on the record before the state courts -- the state courts erred by unreasonably applying clearly establish federal law. Dkt. 23. Petitioner raises this argument for the first time in the motion for reconsideration. New evidence, facts or legal authority can only be considered on a motion for reconsideration if the information could not have been

ORDER ON MOTION FOR RECONSIDERATION - 2

brought to the Court's attention earlier with reasonable diligence. Local Rules W.D. Wash. CR 7(h)(1). Petitioner could have raised this issue in the previous motion for appointment of counsel, or the initial petition. Petitioner's request for an evidentiary hearing is not properly before the Court on petitioner's motion for reconsideration.

The Court may request an attorney to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

The Court previously determined that this matter does not present exceptional circumstances supporting appointment of counsel. Dkt. 20. Petitioner has not provided any new arguments, legal authority or evidence indicating that petitioner is unable to effectively articulate his grounds for relief in the petition or otherwise present his claims in this action.

Additionally, petitioner's previous motion stated that due to a COVID-19 outbreak he could not access a law library. Dkt. 19. The Court explained that petitioner's argument regarding lack of access to a law library could be addressed by petitioner's motion for extension of time. Dkt. 20. Petitioner's motion for reconsideration states that now petitioner does have access to the law library but is only allowed a limited time to

ORDER ON MOTION FOR RECONSIDERATION - 3

research case law. Dkt. 23. Petitioner's concern regarding limited access to the law library can be addressed with a motion for extension of time.

## CONCLUSION

Based on the foregoing discussion, petitioner's motion for reconsideration (Dkt. 23) is DENIED.

Dated this 6th day of May, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge