UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

                Petitioner,

v.

DANIEL WHITE,

                Respondent.

Case No. 2:21-cv-01421-JLR-TLF

REPORT AND RECOMMENDATION

Noted for January 13, 2023

This matter comes before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging that his prison disciplinary hearing violated due process and equal protection of the law. Dkt. 5 at 5-8.

He is serving a sentence imposed on December 8, 2006 by King County Superior Court Judge Parris Callas, of 254 months, with a 24-month weapon finding of 24 months, for a total of 278 months (with credit for time served, and with a post-release community custody or community placement term), in the Washington State Department of Corrections pursuant to his conviction for the crime of second-degree felony murder, and a misdemeanor violation of a no-contact order. Dkt. 17-1, at 1-14, Judgment and Sentence, King County Case No. 03-1-02961-7.

Petitioner presents three grounds for federal habeas corpus relief, challenging a Department of Corrections disciplinary hearing decision that deprived him of 30 days good conduct time. See, Dkt. 5, Habeas Corpus Petition, at 8; Dkt. 16, Respondent's Answer, at 2. Petitioner previously brought his challenge in the Washington State Court of Appeals in a Personal Restraint Petition, alleging that DOC violated due process during the disciplinary hearing (held on July 24, 2018) concerning an infraction that took place on July 16, 2018 (see infraction report, Dkt. 5 at 37), for a violation of fighting with

REPORT AND RECOMMENDATION - 1

another offender. See Dkt. 17-1 at 14-91. The parties agree that petitioner has exhausted state remedies, because after presenting the arguments to the Washington Court of Appeals in the PRP, he submitted these three federal claims to the Washington Supreme Court in a motion for discretionary review. See Dkt. 17-1 at 93-113; Dkt. 16, Respondent's Answer and Memorandum of Authorities, at 4. The respondent also agrees that petitioner's federal habeas corpus petition was filed in a timely manner. *Id.*

In the federal habeas corpus petition, Mr. Slaughter argues: (1) The disciplinary hearing officer and hearings escort clerk refused to provide relevant witness statements, or video footage of the incident, to petitioner; (2) petitioner was not allowed to state a complete defense because of coercion, interferences, interrogation, and rude interruptions during the prison disciplinary hearing process; and (3) petitioner's due process rights and equal protection rights were violated by cumulative error. Dkt. 5 at 5-8.

A. <u>DISCUSSION</u>

A habeas corpus petition filed under 28 U.S.C. § 2254:

> [S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law

REPORT AND RECOMMENDATION - 2

set forth" in the Supreme Court's cases. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). It also is contrary to the Supreme Court's clearly established precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, "and nevertheless arrives at a result different from" that precedent. *Id.*

A state court decision involves an "unreasonable application" of the Supreme Court's clearly established precedent if: (1) the state court "identifies the correct governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case; or (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. The state court decision, however, must be "more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." *Id.*; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

This is a "'highly deferential standard," which "demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 662, 664 (2004)). "As a condition for obtaining habeas corpus from a federal court," therefore, " a state prisoner must show that the state court's ruling on the claim being presented was so

REPORT AND RECOMMENDATION - 3

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter,* 562 U.S. at 103.

"[W]hether a state court's decision was unreasonable" also "must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003). A petitioner may challenge a state court's conclusion on the basis that the state court made a determination of facts that is unreasonable. *Jones v. Ryan,* 52 F.4th 1104, 1120 (9th Cir. 2022). There are several "flavors" of such a challenge: the state court's process may be challenged as defective; the state court may have misapprehended or misstated the record on a material factual issue central to the petitioner's claim; or the finding of fact may be challenged if it is based on an unconstitutionally incomplete record. *Id.* at 1120-1121 (citations omitted).

The district court's review "focuses on what a state court knew and did," and the state court's decision is "measured against [the Supreme] Court's precedents as of 'the time the state court renders its decision.'" *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)); *see also Greene v. Fisher*, 565 U.S. 34, 38-41 (2011) (relevant time frame for determining whether the state court's application of U.S. Supreme Court precedent was objectively reasonable, is the date when the last state-court adjudication of the merits of the federal constitutional claim occurred). The error, furthermore, must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637

1  (1993) (quoting *Katteakos v. United States*, 328 U.S. 750, 776 (1946)). The petitioner is
2  required to show actual prejudice. *Brecht,* at 637.

3      In this case, the Washington State Court of Appeals applied federal due process
4  law to determine that petitioner's disciplinary hearing was constitutionally sufficient. Dkt.
5  17-1 at 86-91. The Court of Appeals made factual findings, which are presumed correct
6  unless petitioner rebuts the presumption with "clear and convincing evidence" under 28
7  U.S.C. § 2254(e). The state court record contains records of the disciplinary hearing.
8  Dkt. 17-1 at 50-52. This includes a transcript of the recorded hearing. Dkt. 17-1 at 77-
9  83. The Court of Appeals found that petitioner received notice of the hearing on July 20,
10 2018; and the Court found that during the hearing on July 24, 2018, petitioner had
11 confirmed that he did not request witnesses or witness statements. Dkt. 17-1 at 88-89.
12 The Court of Appeals applied the due process legal standards that would apply under
13 United States Supreme Court precedent that existed at that time. *Id.* at 88-91.

14     Slaughter does not provide any argument about how the Washington State Court
15 of Appeals allegedly deviated from *Wolff v. McDonnell,* 418 U.S. 539 (1974), or any
16 other established U.S. Supreme Court precedent concerning due process or equal
17 protection. In *Wolff v. McDonnell*, the Court held that due process is properly
18 implemented under circumstances where: the incarcerated person receives written
19 notice of the charges; the individual has at least 24-hours to prepare for the hearing;
20 there is an opportunity to present the incarcerated individual's views, review the charges
21 and the available evidence; a written record is made to document what happened at the
22 hearing; and a written statement is produced by factfinders regarding the evidence
23 relied on reasons for the disciplinary action. *Id.,* at 564-565; *Hewitt v. Helms,* 459 U.S.
24
25

REPORT AND RECOMMENDATION - 5

460, 476 (1983). An incarcerated person does not have the right to cross-examine or confront witnesses in prison disciplinary hearings. *See, Wolff v. McDonnell,* at 567-568. In addition, there must be "some evidence" to support a disciplinary decision. *Superintendent v. Hill,* 472 U.S. 445, 455-56 (1985).

To state an equal protection claim, the petitioner must show the respondent acted with intent and purpose to discriminate against them based on membership in a protected class, or that the respondent purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *See, Vasquez v. Hillery,* 474 U.S. 254 (1986) (equal protection claim based on race); *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (equal protection claim based on being treated differently than similarly situated individuals without rational basis). Petitioner has asserted no facts to show that he was treated differently based on being part of a classification recognized under the equal protection clause, or that he was treated differently than others who were similarly situated, without a rational basis.

Petitioner has not shown that the Washington Court of Appeals made a decision that was based on an unreasonable interpretation of facts in the record. Although he wanted to make a lengthier statement during the hearing, the Court of Appeals decision is not an unreasonable interpretation of the record, which shows petitioner was given the opportunity to state his version of what happened. Dkt. 17-1 at 81-83, 90.

This Court should dismiss the petition and hold that petitioner fails to show the Washington State Court of Appeals applied federal law in an objectively unreasonable manner, or failed to interpret the factual record in a reasonable manner. *Lockyer v.*

*Andrade,* 538 U.S. 63, 74-76 (2003). Under 28 U.S.C. § 2254(d), (e) the Court should reject his claims and the petition should be dismissed with prejudice.

B. <u>EVIDENTIARY HEARING</u>

An evidentiary hearing is not required if the federal court can determine from the state court record that the petition is meritless. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Totten v. Merkle¸* 137 F.3d 1172, 1176 (1998).

Here, "[t]here is no indication from the arguments presented" by petitioner "that an evidentiary hearing would in any way shed new light on the" grounds for relief raised in his petition. *Totten*, 137 F.2d at 1177.

Because, as discussed above, the grounds petitioner raises may be resolved based solely on the state court record, and he has failed to prove his allegation of constitutional errors, no evidentiary hearing is required.

<u>CERTIFICATE OF APPEALABILITY</u>

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of

REPORT AND RECOMMENDATION - 7

his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 13, 2023**, as noted in the caption.

Dated this 29th day of December, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8