UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSSIE LEE SLAUGHTER, | CASE NO. C21-1421JLR |
| Petitioner, | ORDER |
| v. | |
| DANIEL WHITE, | |
| Respondent. | |

## I.     INTRODUCTION

This matter comes before the court on the report and recommendation of Magistrate Judge Theresa L. Fricke (R&R (Dkt. # 32)) and *pro se* Petitioner Ossie Lee Slaughter's objections thereto (Obj. (Dkt. # 35)). Magistrate Judge Fricke recommends that the court dismiss Mr. Slaughter's 28 U.S.C. § 2254 habeas corpus petition. (*See generally* R&R; Pet. (Dkt. # 5)).) Respondent Daniel White did not file objections or a response to Mr. Slaughter's objections. (*See generally* Dkt.) Having carefully reviewed the foregoing, along with all other relevant documents and the governing law, the court

ORDER - 1

ADOPTS the report and recommendation, DENIES Mr. Slaughter's objections, DISMISSES Mr. Slaughter's habeas corpus petition with prejudice, and DENIES a certificate of appealability.

## II. BACKGROUND

In his habeas corpus petition, Mr. Slaughter challenges a 2018 Washington State Department of Corrections disciplinary hearing decision that, he alleges, deprived him of 30 days of good-conduct time and imposed sanctions in violation of the Due Process Clause of the United States Constitution. (Pet. at 8.[1]) He asserts that (1) the disciplinary hearing officer and hearings escort clerk refused to provide him relevant witness statements or video of the incident that led to the hearing; (2) he was unable to state a complete defense because of coercion, interference, interrogation, and interruptions during the disciplinary hearing process; and (3) his due process rights and equal protection rights were violated by cumulative error. (*Id.* at 5-8.) Magistrate Judge Fricke recommends that the court dismiss Mr. Slaughter's petition and hold that Mr. Slaughter has failed to show that the Washington Court of Appeals either applied federal law in an objectively unreasonable manner or failed to interpret the factual record in a reasonable manner when it dismissed Mr. Slaughter's personal restraint petition. (R&R at 5-7; *see* State Court Records (Dkt. # 17), Ex. 6 (Order of Dismissal, *In re Pers. Restraint of Ossie Lee Slaughter*, No. 79461-2-I (Wash. Ct. App. Mar. 2, 2020))); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003); 28 U.S.C. §2254(d). Magistrate Judge Fricke further recommends

---

[1] The court refers to the page numbers in the CM/ECF header when citing Mr. Slaughter's habeas corpus petition.

that the court conclude that no evidentiary hearing is required to resolve the petition and deny a certificate of appealability. (R&R at 7-8.) Mr. Slaughter timely filed his objections to the report and recommendation. (Obj.; *see also* 1/13/23 Min. Order (Dkt. # 34) (granting Mr. Slaughter an extension of time to file his objections).)

### III.   ANALYSIS

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Slaughter is proceeding *pro se*, this court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

The court has thoroughly examined the report and recommendation, Mr. Slaughter's objections thereto, and the balance of the record before it. On de novo review, the court finds Magistrate Judge Fricke's reasoning for recommending dismissal of Mr. Slaughter's petition and denial of an evidentiary hearing persuasive, particularly in light of the "highly deferential" standard the court must apply when evaluating decisions of the Washington Court of Appeals. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); (*see* R&R at 2-7 (discussing the applicable legal standards and applying them to Mr. Slaughter's petition).) Therefore, the court independently DENIES Mr. Slaughter's

objections for the same reasons Magistrate Judge Fricke set forth in her report and recommendation and ADOPTS the report and recommendation in full.

The court further ADOPTS Magistrate Judge Fricke's recommendation that the court deny Mr. Slaughter a certificate of appealability. (*See* R&R at 7-8.) When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal the final order. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the court agrees with Magistrate Judge Fricke's conclusion that reasonable jurists could not debate whether Mr. Slaughter's petition should have been resolved differently and therefore DENIES Mr. Slaughter a certificate of appealability.

### IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the report and recommendation (Dkt. # 32);

(2) The court DENIES Mr. Slaughter's objections (Dkt. # 35);

(3) The court DISMISSES Mr. Slaughter's § 2254 habeas petition (Dkt. # 5) with prejudice; and

(4) The court DIRECTS the Clerk to close this case and send copies of this order to Mr. Slaughter and Magistrate Judge Fricke.

Dated this 22nd day of February, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge